UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP AND TRAINING FUND,**
**BUILDING AND PUBLIC WORKS LABORERS VACATION FUND,**
and **JOHN J. SCHMITT (in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**BUILDING TRADES UNITED PENSION TRUST FUND and**
**DOUG EDWARDS (in his capacity as Trustee),**

                **Plaintiffs,**

  v.                                                                     Case No.  21-cv-143

**UNI-PUMP, INC.**

                **Defendant.**
_____

## COMPLAINT
_____

       **NOW COME** the Plaintiffs, by their attorney, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

    1.    Jurisdiction of this Court upon Uni-Pump, Inc. ("Uni-Pump") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust

agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the some of the Plaintiffs are administered at their offices located in Dane County, Wisconsin.

**Parties**

3. Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Apprenticeship and Training Fund, and Building & Public Works Laborers Vacation Fund (collectively the "Funds") are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and fiduciary of the Wisconsin Laborers' Health Fund and as such has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers District Council (hereinafter "District Council") is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it

collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

6.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

8.      Plaintiff Doug Edwards is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for.  Mr. Edwards maintains an office at 3300 South 103rd St., Milwaukee, Wisconsin 53227.

9.      Defendant Uni-Pump, Inc. is a domestic corporation organization engaged in business with principal offices located at 3070 Helsan Dr. #D, Richfield, Wisconsin 53076. Its registered agent for service of process is Steven J. Bennet, 3070 Helsan Dr. #D, Richfield, Wisconsin 53076.

## Facts

10. Uni-Pump is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

11. For all times relevant, Uni-Pump was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the District Council.

12. The District Council represents, for purposes of collective bargaining, certain Uni-Pump employees, and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

13. The Labor Agreements described herein contain provisions whereby Uni-Pump agreed to make contributions and payments to the Plaintiffs by the fifteenth day of the month after the one during which the work was performed.

14. By execution of said Labor Agreements, Uni-Pump adopted the trust agreements and amendments thereof; which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

15. Despite demands that Uni-Pump perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to allow access to the Funds' auditors to determine whether Defendant has made its required payments. Uni-Pump may be indebted to the Plaintiff Funds for the following periods.

<u>Audited Period: January 1, 2016 to the Present:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers District Council | Unknown |
| Wisconsin Laborers-Employers Cooperation and Education Trust Fund | Unknown |

<u>Audited Period: January 1, 2019 to the Present</u>

| | |
|---|---|
| Building Trades United Pension Trust Fund | Unknown |

18. Despite demands from the Funds' auditors, Uni-Pump has denied the Laborers' Funds' auditors access to books and records needed to compile an audit for the period January 1, 2016 to the present. Similarly, Uni-Pump has denied the Building Trades United Pension Trust Fund's auditors access to books and records needed to compile an audit for the period January 1, 2019 to the present

## **Claim One Against Uni-Pump, Inc., Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

19. As and for a first claim for relief against Uni-Pump, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word for word.

20. Repeated demands have been made by the Plaintiffs upon Uni-Pump for

access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

21.     Because, as the Plaintiffs are informed and believe, Uni-Pump has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Plaintiffs' trust funds is reduced, the Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

22.     Because Uni-Pump has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1.     Judgment on behalf of the Plaintiffs and against Uni-Pump:

   A.     For unpaid contributions, interest, and liquidated damages owed to the Laborers' Funds for the audit period January 1, 2016 through the present;

   B.     For unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for the audit period January 1, 2019 through the present;

      B.      For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      C.      Actual attorney fees and the costs of this action.

2. An order requiring Uni-Pump to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Uni-Pump's accounts receivable. With respect to each account receivable, Uni-Pump shall itemize:

      A.      The amount of each account receivable.

      B.      The period of time during which such receivable accrued.

      C.      The location of the premises upon which the work was performed.

      D.      The nature of the improvement involved for which the account receivable is due.

      E.      The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Uni-Pump to fully submit to audits of the company's books and records by the Laborers' Funds' designated representatives for the period January 1, 2016 to the present and by the Building Trades United Pension Trust Fund's designated representatives for the period January 1, 2019 to the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 1 day of March 2021.

                                                      <u>s/Alex J. Sterling</u>
                                                      Alex J. Sterling (SBN 1107931)
                                                      Christopher J. Ahrens (SBN 1043237)
                                                      THE PREVIANT LAW FIRM, S.C.
                                                      Attorney for the Plaintiffs
                                                      310 W. Wisconsin Avenue, Suite 100 MW
                                                      Milwaukee, WI 53203
                                                      414-271-4500 (Telephone)
                                                      414-271-6308 (Fax)
                                                      Email: ajs@previant.com

                                                      Attorneys for Plaintiffs